Frank GAGLIONE

v.

George N. DiMURO et al.

No. 83–451–M.P.

Supreme Court of Rhode Island.

Oct. 20, 1983.

Anthony M. Gallone, Bordieri, Gallone, Penza, & Olenn, Providence, for petitioner.

John D. Biafore, Goldman & Biafore, Providence, William T. Henry, Gelfuso & Lachut, Inc., Cranston, for respondent.

ORDER

The petition for writ of certiorari is granted.

MURRAY, J., did not participate.

James C. RAWLINSON

v.

STATE.

No. 83–167–M.P.

Supreme Court of Rhode Island.

Oct. 19, 1983.

Dennis J. Robets II, Atty. Gen., Sharon P. O'Keefe, Sp. Asst. Atty. Gen., Chief, Appellate Div., for plaintiff.

William F. Calise, Providence, for defendant.

ORDER

This matter was heard before this court on October 5, 1983, on an order directing the petitioner James C. Rawlinson to show cause why his appeal should not be dismissed.

The defendant Rawlinson was found guilty of obtaining money under false pretenses by a jury in the Superior Court. The defendant appealed. Thereafter, the defendant placed orders for transcripts at the Superior Court Administrator's Office. Two-and-a-half years later, the state moved to dismiss the appeal pursuant to Rule 11(a) of the Rules of Appellate Procedure due to defendant's failure to cause a timely transmission of the record to the clerk of the court. The trial judge granted the motion.

The defendant claims that Rule 11(a) provides that it is the duty of the Superior Court clerk to transmit the record to the Supreme Court. The defendant, however, is in error.

The rule requires the appellant to order the transcript and the Superior Court clerk to transmit it to the Supreme Court. However, the appellant must "take any other action necessary to enable the clerk to assemble and transmit the record." This provision clearly mandates that the defendant take some action. Yet the defendant did nothing on his appeal for two-and-a-half years.

Thus, there was no abuse of discretion in dismissing the appeal. Therefore, it is the conclusion of the court that no cause has been shown. The defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.